IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:14-CV-664-BO

| | |
|---|---|
| BRUCE H. GERRICK, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | ORDER |
| ) | |
| CUMBERLAND COUNTY MUNICIPALITY, ) | |
| CLERK OF SUPERIOR COURT OF ) | |
| CUMBERLAND COUNTY, ) | |
| and OFFICER SHATTUCK in his ) | |
| individual and official capacity, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court for frivolity review pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the matter is DISMISSED.

## BACKGROUND

Plaintiff filed a civil rights action under 42 U.S.C. § 1983 for violations of his Sixth, Eighth, and Fourteenth Amendment rights stemming from an alleged failure to deliver a letter containing a notice of appeal of his state court sentence for Aggravated Level 1 Driving While Impaired. Plaintiff names as defendants Cumberland County Municipality, by which he apparently means the City of Fayetteville, the Clerk of Court for both Cumberland County District and Superior Courts, and Officer Shattuck. [DE 1–1, ¶5–7]. Plaintiff seeks a declaration from the Court that the acts and omissions described in his complaint violated his Constitutional rights, compensatory and punitive damages, and costs taxed to defendants.

## DISCUSSION

Where, as here, a prisoner seeks redress from a governmental officer in a civil action the Court must review the complaint and dismiss the complaint if it is frivolous, malicious, fails to

state a claim upon which relief can be granted, or seeks monetary relief from an immune defendant. 28 U.S.C. § 1915A. A case is frivolous if it "lacks an arguable basis in either law or fact." *See Nietzke v. Williams*, 490 U.S. 319, 325 (1989) (superseded by statute on other grounds). A complaint shall also be dismissed where a party seeks "monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(iii). As explained below, the action is dismissed as frivolous.

While as a municipality, the City of Fayetteville may be a proper defendant in a § 1983 action, plaintiff fails to state a claim against it. Plaintiff alleges that the City of Fayetteville has liability apparently on the grounds that it is responsible for the actions of its employees. However, liability cannot rest on *respondeat superior* in § 1983 cases. *See Boswell v. Bullock*, 2012 WL 2920036, at *11 (E.D.N.C. July 17, 2012) ("Although a local government entity may be held liable under § 1983, it is well settled that a local government entity cannot be held liable under § 1983 on a *respondeat superior* theory") (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690–91)). Accordingly, plaintiff has failed to state a claim against the City of Fayetteville, and this claim must be dismissed.

When an officer is sued in his official capacity, the suit is treated as a claim against the governmental unit employing him, in this case the City of Fayetteville. However, in an action against a governmental entity claiming violations of § 1983, the governmental entity is only held liable for constitutional deprivations that result from the entity's policies or customs. *Monell*, 436 U.S. at 694. Here, plaintiff does not mention any sort of governmental policy or custom and therefore his claims against Officer Shattuck and the Clerks of Superior and District Court in their official capacities fail to state a claim and must be dismissed.

2

To the extent that plaintiff is pursuing claims for damages based on individual liability, plaintiff has not pled facts sufficient to sustain such claims. Plaintiff makes no factual allegations that support a claim against the Clerk of District Court. At no point during his recitation of facts does plaintiff even mention the Clerk of District Court. Plaintiff's claims against Officer Shattuck and the Clerk of Superior Court appear to allege negligent behavior; he has not pled any facts that imply either deliberate indifference or any higher level of intent. Acts of negligence, however, do not implicate the Due Process Clause such to give rise to a claim under § 1983. *See Daniels v. Williams*, 474 U.S 327, 328 (1986); *see also Davidson v. Cannon*, 474 U.S. 344, 348 (1986). Accordingly, plaintiff's claims against Officer Shattuck and both Clerks of Court in their individual capacities are dismissed.

For the foregoing reasons, plaintiff's claims are DISMISSED in their entirety for failing to state a claim under which relief can be granted. The Clerk is DIRECTED to close the file.

SO ORDERED, this the __9__ day of December, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3